UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-385 |
| | § | |
| SAYDEL BELTRAN-RODRIGUEZ | § | |

## ORDER TO REALIGN PARTIES AND FOR COMPLIANCE WITH PLRA

Pending before the Court is Defendant Saydel Beltran-Rodriguez's Motion for Return of Property (D.E. 35), to which the United States of America (the "Government") has responded (D.E. 37).

## I. PARTIES' CONTENTIONS

Defendant seeks the return of a number of items he claims were confiscated from him by the Government on April 7, 2014, including an HP laptop computer, Nikon camera, three cellphones (iPhone 5, HTC One, and LG Curve), four walkie-talkies, $6,041.00 in U.S. currency, and his passport and passport card.

The Government states that none of these items are currently in its possession, as each item has either been returned to Defendant, administratively forfeited, or has never been in the Government's possession. Specifically, the Government has presented evidence that Defendant signed a release on January 16, 2015, authorizing the Government to send the following items to Carlos Alberto Rodriguez in Hialeah, FL: U.S. passport; U.S. passport card; Wells Fargo debit cards ending in 8866, 8734, and 3797; and a Banpro Visa credit card ending in 0868. D.E. 37, Ex. 1. By the time Defendant filed the present motion 10 days later, these items had already been sent to Mr.

Carlos Rodriguez via registered mail. *Id.* The Government further explains that Defendant's three cell phones and HP laptop computer were administratively forfeited and destroyed by the U.S. Secret Service after a forensic analysis showed that all of these items contained stolen credit card data and some were used to facilitate the purchase of the stolen credit card data. With respect to the $6041.00 in U.S. currency, the Government states that Defendant was informed at sentencing that the State of Texas was attempting to civilly forfeit the funds; however, the Government is not a party to this action and has no information on the current status of the case. Finally, the four walkie-talkies and Nikon camera have never been in the Government's custody, and if these items were taken from Defendant at the time of his arrest by the George West Police Department (GWPD), then they must still be with GWPD.

## II.  ANALYSIS

Rule 41(g) of the Federal Rules of Criminal Procedure permits a person aggrieved by the deprivation of property to file a motion for return of property. A Rule 41(g) motion filed in a criminal case that has already concluded is properly construed as a civil action for return of property. *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007); *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007); *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). Because Defendant's motion is properly construed as a civil action, he must comply with the Prison Litigation Reform Act (PLRA) and either pay the $350 filing fee or submit an application for leave to proceed *in forma pauperis*. *See Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997). Additionally, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A. *See Id.*

## III. CONCLUSION

In light of the foregoing, it is hereby **ORDERED** as follows:

(1) The Clerk shall sever Defendant's motion for return of property and transfer the motion and this Order to a civil case file, assigning a civil cause number to the proceedings. The parties shall be realigned, because Defendant is the true plaintiff in this suit against the Government. ***ALL FUTURE PLEADINGS RELATED TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY SHALL BE FILED IN THE CIVIL CASE ONLY.***

(2) If Defendant still wishes to pursue this matter after having read the Government's response, then, within 30 days of the entry of this Order, he shall either: (a) pay the $350 filing fee; or (b) submit a completed application to proceed *in forma pauperis*, along with a certified copy of his inmate trust account records, which must reflect the current account balance as well as the deposits and average balance for the six months preceding the filing of his motion. 28 U.S.C. § 1915. The Clerk shall mail Defendant the appropriate forms. Failure to timely comply may result in dismissal of this cause for want of prosecution. FED. R. CIV. P. 41.

ORDERED this 17th day of February, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE