United States District Court
Southern District of Texas
**ENTERED**
August 09, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § CRIMINAL ACTION NO. 2:14-CR-385 |
| | § |
| SAYDEL BELTRAN-RODRIGUEZ | § |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Saydel Beltran-Rodriguez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 40), to which the United States of America responded and moved for summary judgment (D.E. 47). For the reasons set forth below, Movant's § 2255 motion is **DENIED** as moot.

### I. BACKGROUND

In April 2014, Movant was arrested in George West, Texas, on an active warrant from Florida. At the time of his arrest, he was found to be in possession of 27 counterfeit credit cards. The Secret Service then obtained and executed a search warrant on a laptop, cell phones, flash drives, and an iPod found in Movant's possession, and discovered a total of 1,986 stolen credit/debit/gift card account numbers.

In June 2014, Movant pled guilty, pursuant to a written plea agreement, to possession of more than 15 counterfeit access devices in violation of 18 U.S.C. § 1029(a). In the Presentence Investigation Report (PSR), the probation officer assigned Movant a base offense level of 6. This level was increased by 14 levels for loss exceeding $400,000 based on 1,986 stolen account numbers.[1] After credit for acceptance of responsibility,

---

[1] A $500 financial loss was assigned for each unauthorized access device/stolen card numbers (1,986), pursuant to U.S.S.G. §2B1.1, comment. (n.3 (F)), totaling $993,000.

Movant's total offense level was 17. His criminal history category was II, resulting in an advisory guideline range of 27 to 33 months' imprisonment.

Movant objected to the PSR, disputing the enhancement for 1,986 stolen account numbers and arguing that he should only be held liable for the 27 counterfeit credit cards charged in the indictment. The Court overruled Movant's objection, finding that the 1,986 stolen account numbers were properly considered as relevant conduct as they were part of a common scheme or plan. The Court then sentenced Defendant to 27 months' imprisonment, to be followed by three years of supervised release.

In April 2015, Movant filed this timely application for relief under § 2255. It was initially docketed by the Clerk as an Initial Brief and was modified to show that it was a motion on March 23, 2016. On March 23, 2016, Movant was released from prison. That same day, the Court granted Movant's motion to modify conditions of supervised release and allowed him to return to Nicaragua. Supervision is inactive while Movant is in Nicaragua; however, he must immediately report to the nearest U.S. Probation Office if he returns to the United States.

## II. MOVANT'S ALLEGATIONS

Movant complains that trial counsel was ineffective because counsel: failed to investigate and challenge Movant being charged with 1,986 stolen account numbers instead of 27; failed to conduct any witness or trial preparation, or challenge the information in the PSR; allowed Movant to plead guilty to 1,986 account numbers rather than the 27 cards in his actual possession, resulting in a significant prison sentence and rendering his plea unknowing and involuntary; and failed to have any strategy for

defense, which ensured that Movant was sentenced significantly higher than was appropriate. Movant further complains that the Court relied on untrue information and erred in sentencing him based on 1,986 stolen account numbers rather than 27 cards.

## III. ANALYSIS

All of the allegations in Movant's § 2255 motion are based on his dissatisfaction with his sentence—specifically the Court's consideration of 1,986 stolen account numbers as relevant conduct—and not with any collateral consequence of his conviction. Movant has already served his full sentence and moved to Nicaragua, where his term of supervised release is inactive. Accordingly, the Court finds that Movant's § 2255 motion should be denied as moot. *See Maxwell v. United States*, 440 F. App'x 418, 419 (5th Cir. 2011) (any claim for habeas relief challenging prisoner's sentences for drug offenses was moot following his release from prison, absent showing he was serving the supervised release term imposed on one of his convictions).

## IV. CONCLUSION

For the reasons set forth above, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 40) is **DENIED** as moot. Denial is without prejudice to re-urging should Movant return to the United States and his term of supervised release become active. The Government's motion for summary judgment (D.E. 47), which focuses on the substantive merits of Movant's motion, is also **DENIED**.

ORDERED this 9th day of August, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE